

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 13, 1939

Hon. Esco Walter
County Attorney
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-768
Re: Fees of office - State High-
way Patrolmen - Constable

Your request for an opinion upon the following question:

"Whether or not the justice of the peace should tax an arrest fee
against the defendant when a highway patrolman makes the arrest?"

has been received by this Department.

Your letter reads as follows:

"I thank you very much for your opinions No. O-359 and No. 106. Is the
ruling of the Attorney General in these opinions that the Justice of the
Peace should not tax an arrest fee, a commitment fee, and a release fee
against the defendant in misdemeanor cases wherin the highway patrolmen
are the arresting officers?

"I understand the opinions to hold that it is not legal for a constable
to accept these fees unless he actually performed the services set out
in Article 1065, Code of Criminal Procedure. The question I am primar-
ily interested in is whether or not the Justice of the Peace should tax
an arrest fee against the defendant when a highway patrolman makes the
arrest."

Opinions No. O-106 and No. O-359 of this Department held that a
constable is not entitled to collect a fee when he is not present at the
time of an arrest made by the highway patrol, and that the constable is
only entitled to fees for services he performs as set out in Article
1065, Code of Criminal Procedure of Texas.

Article 1065, Code of Criminal Procedure of Texas, reads in part,
as follows:

"The following fees shall be allowed the sheriff, or other peace officers
performing the same services in misdemeanor cases, to be taxed against
the defendant on convition:

"1. For executing each warrant of arrest or capias, or making arrest without warrant, two dollars.

. . .

"5. For each commitment or release, one dollar."

You are respectfully advised that this Department has repeatedly ruled that a constable or other peace officer is not entitled to charge, collect, or accept fees unless he actually performed the services set out in the statute. If the constable does not make the arrest, nor the commitment, nor the release, he certainly could not charge, collect, or accept a fee for doing so. A state highway patrolman receives a salary frm the State of Texas for his services, and there is no statutory authority in this state whereby a state highway patrolman may charge, collect, or accept a fee from a defendant. The salary a state highway patrolman receives from the state of Texas is the only compensation to which he is entitled to receive for performing his duties in arresting the defendant charged with misdemeanor.

You are therefore respectfully advised that if a state highway patrolman arrests a defendant in a misdemeanor case and brings the defendant before the justice of the peace, and the defendant pleads guilty and is assessed a fine, the justice of the peace should not tax an arrest fee against the defendant.

For example, if a state highway patrolman arrests a defendant for violation of a misdemeanor statute and brings the defendant before the justice of the peace as outlined by law, and the defendant enters his plea of guilty before the justice of the peace and is assessed a fine of one dollar and costs, then this is the following amount which the defendant should be required to pay in discharge of his fine and costs, to-wit: One dollar fine; five dollars fee for the county attorney; four dollars, trial fee-- making a total of ten dollars.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning

WJF:AW:egw

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Wm. J. Fanning
Assistant

APPROVED: Opinion Committee
By G R L - Chairman